PETERS, J.,
dissents.
Iil agree with the majority’s conclusion that La.R.S. 9:358.1(A) prohibits the *1299 appointment of a parenting coordinator absent a prior judgment establishing custody. I also agree with the majority’s reliance on Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) and State ex rel. Satchfield v. Guillot, 02-150 (La.App. 3 Cir. 6/26/02), 820 So.2d 1255, to conclude that La. Civ. Code art. 136 does provide a remedy to a grandparent under circumstances similar to those before us. Where I disagree with the majority is the application of Troxel and Satchfield to the case now before us.
As pointed out by the majority, the United States Supreme Court in Troxel made it clear that it is initially the parent’s decision to set the parameters for the involvement of grandparents in the lives of their children, and absent any showing of unfitness on the part of the parent, that decision must be given “special weight” by the court considering a grandparent’s request for visitation. Troxel, 530 U.S. at 70, 120 S.Ct. at 2062. Additionally, as also pointed out by the majority, Troxel establishes that as long as parents adequately care for their children, the normal situation is that a state should not inject itself into the family’s private matters or further question the parents’ decisions concerning the manner in which they raise their children.
With regard to the parents in the matter now before us, the majority specifically | filotes that there “there are no findings by any court that either of the Parents are unfit.” Majority at 1297. Notwithstanding this conclusion, the majority attempts to make the matter now before one of extraordinary circumstances as required by La.Civ.Code art. 136(B). The trial court and the majority rely on the opinion of Dr. Bouillion that extraordinary circumstances exist in this case. However, stating that an extraordinary circumstance exists does not make it so, and Dr. Bouillion seems to rely primarily on the prior history of the grandmother’s assistance to the parents. In my opinion, Dr. Bouillion’s comments fall short of identifying an extraordinary circumstance and are more in the line of recommendations similar to those expressed by Dr. Spell.
While La.Civ.Code art. 136 does not contain a list of extraordinary circumstances that would trigger its application, it does give us guidance by suggesting that “extraordinary circumstances may include when a parent is addicted to a controlled dangerous substanee.” La.Civ.Code art. 136(C). Additionally, La.R.S. 9:344 points to other extraordinary circumstances that would suggest a legal right of a grandparent to have visitation over the opposition of the parent or parents. These include situations where one of the parents has died or has been interdicted or incarcerated.
In the matter before us, I find nothing rising to a level comparable to the statutorily suggested extraordinary circumstances to justify the trial court’s judgment. Here the grandparent was a primary caregiver for only a short time after the birth of the minor child. After that time, she did nothing more than that which would have been expected of any grandparent
I would reverse the trial court judgment.